# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE CAMBERIS and CLAUDIA CAMBERIS, individually, and on behalf of the class of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN FINANCIAL CORPORATION,<br><br>Defendant. | Case No. 3:14-CV-02970-EMC<br><br>Hon. Edward M. Chen<br><br>**[Proposed] ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL, CERTIFYING TEMPORARY SETTLEMENT CLASS, APPOINTING CLASS COUNSEL, DIRECTING NOTICE, AND SETTING FAIRNESS HEARING** |

On July 23, 2015, Plaintiffs George and Claudia Camberis ("Named Plaintiffs") moved pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order: (1) certifying a temporary Settlement Class; (2) preliminarily approving the terms and conditions set forth in the Settlement as fair, reasonable and adequate; (3) approving forms and a program for notice to the Settlement Class; (4) preliminarily approving their appointment as class representatives and their counsel as counsel for the class; and (4) scheduling a fairness hearing to consider final approval of the Settlement.

---

1

ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL

The Court on that date indicated that it would grant the relief prayed for in the motion, but requested certain changes to the proposed class notice that had been submitted with the motion. See Docket Nos. 57 and 58. On August 5, 2015, this Court approved the revised class notice that was submitted to it. See Docket No. 60.

Having given due consideration to the terms of the Settlement, the Exhibits to the Settlement (as revised), the submissions of the parties in support of preliminary approval of the Settlement, and the record of proceedings herein, the Court GRANTS the plaintiffs' motion with the following findings and requirements.

1. <u>Settlement Agreement Incorporated By Reference</u>. This Order incorporates by reference the definitions in the Settlement Agreement. All capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter and parties in this Action.

3. <u>Preliminary Certification</u>. The Court preliminarily finds that the class action prerequisites of Federal Rule of Civil Procedure 23(a) have been satisfied. Specifically, the Court preliminarily finds that: (i) the class is so numerous that joinder would be impractical, (ii) common questions of law and fact exist as to the class, (iii) the claims or defenses of the representative parties, Named Plaintiffs George and Claudia Camberis, are typical of the claims or defenses of the class, and (iv) that the Named Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

The Court also preliminarily finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. See Fed. R. Civ. P. 23(b)(3). Accordingly, under Rule 23(b)(3), the Court preliminarily certifies the Settlement Class, which is defined in the Settlement Agreement as follows:

> All persons with Negative Amortization Loans serviced by Ocwen who made Payments of Negative Amortization during 2013 that were not reported to the IRS on Form 1098 for Tax Year 2013.

2
ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL
*WDC 373088736v1*

4. <u>Preliminary Approval of Class Counsel and Class Representatives</u>. The Court temporarily appoints Named Plaintiffs George and Claudia Camberis as the Representatives of the Settlement Class and further temporarily appoints Michael R. Brown, Esq. and David J. Vendler, Esq. of Morris, Polich & Purdy LLP ("Class Counsel") as counsel for the class.

5. <u>Preliminary Findings Concerning The Proposed Settlement</u>. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Named Plaintiffs, or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Final Approval Hearing described below.

6. <u>Final Approval Hearing</u>. A hearing (the "Final Approval Hearing") will be held on November 5 at 1:30 PM in Courtroom 5 of the United States District Court for the Northern District of California at 450 Golden Gate Ave., San Francisco CA 94102 to determine, among other things: (a) whether the proposed settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court; (b) whether a Final Approval Order substantially in the form of Exhibit B to the Settlement Agreement should be entered in this Action; and (c) to consider Class Counsel's applications for attorneys' fees and for Named Plaintiffs' Case Contribution Award.

7. <u>Schedule</u>. The Parties are ordered to abide by the following schedule leading up to the Final Approval Hearing.

| Event | Governing Section | Date |
| --- | --- | --- |
| OCWEN Provides Class Notice List to KCC. | Section 3.02(a) | August 14, 2015 |
| KCC Mails the Class Notice. | Section 3.02(c) | August 21, 2015 |
| Plaintiffs' Counsel File Their Fee Petition. | Section 4.01 | September 14, 2015 (i.e. more than 14 days prior to Objection Deadline as |

3
ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL

*WDC 373088736v1*

| Event | Governing Section | Date |
|---|---|---|
| | | required by *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010)) |
| Objection Deadline and Opt-out Deadline. | Sections 1.18 and 3.05 | October 2, 2015 |
| KCC provides opt-out notices to parties and Court. | Section 3.03 | October 7, 2015 |
| Plaintiffs file motion seeking Final Approval Hearing and entry of Final Approval Order and Judgment. | Section 3.07 | October 8, 2015 |
| Deadline for parties to oppose any objections filed to Settlement. | | October 21, 2015 |
| Final Approval Hearing And Hearing On Objections (if any). | Section 3.07 | November 5, 2015 |

8. <u>Notice</u>. The Court has approved the form, substance, and requirements of the Class Notice as set forth in Document 60. The Court finds that the procedures established for mailing and distributing the Class Notice in Section 3.02 of the Settlement Agreement: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement, to apprise members of the Settlement Class of their right to opt-out of the Settlement Class, and to apprise all Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient procedures to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States

Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

9. <u>Retention of Claims Administrator and Manner of Notice</u>. Ocwen is hereby authorized to retain Kurtzman Carson Consultants ("KCC") as the "Claims Administrator" to supervise and administer the Class Notice Mailing, to receive opt-out requests, and to issue payments to Class Members. The Claims Administrator shall mail the Class Notice as set forth in Section 3.02 of the Settlement Agreement and per the schedule above. The Claims Administrator also shall provide to Class Counsel a sworn statement stating that it has complied with the provisions of this Order pertaining to the Class Notice Mailing. Prior to the Final Approval Hearing, Class Counsel shall file this sworn statement with the Court and serve it on all parties as set forth in the above schedule.

10. <u>Opt Outs from the Settlement</u>. As described in the Class Notice, a Class Member's opt-out request must be postmarked or received by the Claims Administrator by the Opt-out Deadline, for it to be timely. Furthermore, to be valid, the opt-out request must comply with the requirements of Section 3.03 of the Settlement Agreement. Any Class Member who opts out of the Settlement shall not be entitled to receive the payment(s) owing to Class Members under Section 2.02 of the Settlement Agreement. In addition, any Class Member who does not submit a valid and timely request to opt out of the Settlement shall nonetheless be bound by all of the terms and conditions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this case.

11. <u>Objections to Settlement</u>. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the proposed attorneys' fees or to the Named Plaintiffs' Case Contribution Award, may file an objection. To be considered, however, the objection must comply with the requirements of Section 3.05 of the Settlement Agreement. Any Class Member who files an objection that does not comply with Section 3.05 of the Settlement Agreement shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement.

12. <u>Appearance at the Final Approval Hearing</u>.  Any objector who files and serves a timely, written objection in accordance with the above and herein, may also appear at the Final Approval Hearing, either in person or through counsel retained at the objector's expense so long as the objector complies with the notice of intention to appear requirements set forth in Section 3.05 of the Settlement Agreement.  Any objector who does not comply with Section 3.05 of the Settlement Agreement shall not be permitted to appear and be heard at the Final Approval Hearing.

13. <u>Settlement Administration Costs</u>.  As set forth in Sections 3.06 of the Settlement Agreement Ocwen shall pay the cost of mailing the Class Notice and the Claims Administrator's fees and costs.

14. <u>Bar on Litigating Settled Claims</u>.  Pending the Final Approval Order and Judgment, the Releasing Parties shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of, any Released Claims against the Released Parties.

15. <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.

16. <u>Use of Order</u>.  This Order shall not be construed or used as an admission, concession, or presumption by or against the Released Parties of any fault, wrongdoing, breach, or liability or as a waiver of any arguments, defenses, or claims he, she, or it may have if the Settlement Agreement is terminated.

17. <u>Stay</u>.  All proceedings in this case are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement and this Order.  This Court retains exclusive jurisdiction over this case to consider all further matters arising out of or connected with the Settlement.

18. <u>Continuance of the Final Approval Hearing</u>.  The Court reserves the right to continue or adjourn the Final Approval Hearing from time to time without further notice to Class Members.

The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

**SO ORDERED.**

DATED: 8/11/15

*IT IS SO ORDERED*
Judge Edward M. Chen