UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE L. CAMBERIS, et al.,

          Plaintiffs,

    v.

OCWEN LOAN SERVICING LLC,

          Defendant.

Case No. 14-cv-02970-EMC

**ORDER FOR SUPPLEMENTAL BRIEFING RE DEFENDANT'S UNOPPOSED MOTION FOR PROPOSED DISTRIBUTION OF UNCLAIMED CLASS SETTLEMENT FUNDS**

Docket No. 82

    The Court granted final approval of the parties' settlement agreement in this case on December 7, 2015. *See* Docket No. 80 (order). Defendant Ocwen Financial Corporation filed an unopposed motion to distribute the as yet unclaimed funds—totaling approximately $108,000—between the claims administrator to pay its outstanding fees and two housing-based charity organizations. *See* Docket No. 82 (motion).

    The *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to indirectly benefit the entire class. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir. 1990). But "before a court invokes its *cy pres* power . . . it must ask three questions: (1) to whom does the residue belong, (2) would it be practicable to distribute the residue to its owners and (3) if not, who is an appropriate alternate recipient?" *In re Wells Fargo Sec. Litig.*, 991 F. Supp. 1193, 1195 (N.D. Cal. 1998). This reflects "the law's general preference for *cy pres* awards to be limited to scenarios where it is not feasible to make further distributions to class members." *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3872788, at *26 (N.D. Cal. Aug. 15, 2018) (citation omitted).

    The proposed distribution plan here gives no indication whether it would be practicable to

distribute the residue of the settlement fund to the class members. Without such information, the Court cannot determine whether resort to a *cy pres* distribution is necessary to begin with. Additionally, the proposed distribution plan allows Ocwen to use the settlement fund to pay the claim administrator's fees, whereas the original settlement agreement requires Ocwen to "pay the Claims Administrator's fees and costs" in addition to the class settlement. Docket No. 50-2 at § 3.06. Thus, the current proposal gives the *cy pres* recipients approximately $53,000 less than the class members are entitled to under the settlement agreement.

The parties are accordingly ordered to submit a joint supplemental brief not to exceed 5 pages by September 18, 2018, addressing whether further distribution of the unclaimed funds to the class members would be practicable.

**IT IS SO ORDERED**.

Dated: September 11, 2018

_____
EDWARD M. CHEN
United States District Judge